UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JERMAINE YOUNG, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:25-CV-803-CCB-SJF |
| JOHN O'CONNOR, RYAN PRESTON, and JONATHAN OUSLEY, | |
| Defendants. | |

## OPINION AND ORDER

Jermaine Young, a prisoner without a lawyer, filed a complaint concerning a traffic stop on July 27, 2025, that led to pending drug charges in Cass County, Indiana. *See State v. Young*, No. 09C01-2507-F3-000009 (Cass Cir. Ct. filed July 28, 2025). Young alleges that Cass County officers conducted the traffic stop in Howard County. ECF 1. He argues this stop outside of their jurisdiction was unlawful and violates the Fourth Amendment. Under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Under the *Younger* doctrine, "federal courts must abstain from taking jurisdiction over federal constitutional claims that may interfere with ongoing state proceedings." *Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013) (citing *Younger v. Harris*, 401 U.S. 37 (1971)). This is because "underlying principles of comity, equity, and federalism" are at

play in such situations. *J.B. v. Woodard*, 997 F.3d 714, 724 (7th Cir. 2021). Potential claims that can trigger *Younger* include those arising from illegal searches, seizures, detentions, and prosecutions. *See Gakuba*, 711 F.3d at 753. "Generally—at least in the context of the *Younger* abstention doctrine—staying the case, rather than an all-out dismissal of a claim, is the proper disposition where a plaintiff seeks compensatory damages." *Woodard*, 997 F.3d at 724; *see also Shaw v. County of Milwaukee*, No. 21-1410, 2022 WL 1001434, 2 (7th Cir. Apr. 4, 2022) ("district court should have stayed rather than dismissed [the plaintiff's] damages claims" pursuant to *Younger*) (citing *Gakuba*, 711 F.3d at 753). Of note, "*Younger* continues to apply while state criminal cases go through the appellate process[.]" *Cannon v. Newport*, 572 Fed. Appx. 454 (7th Cir. 2014) (citing *Simpson v. Rowan*, 73 F.3d 134, 138 (7th Cir. 1995)).

Here, Young was charged with drug crimes based on evidence found during the traffic stop. He has filed at least one motion to suppress, suggesting he might be challenging the traffic stop in the course of his criminal proceedings. Thus, his current case might "involve constitutional issues that may be litigated during the course of his criminal case [or appeal]." *Gakuba*, 711 F.3d at 753. "Deciding those issues in federal court could undermine the state court proceeding[.]" *Id*. Therefore, a stay of this case is appropriate under *Younger*.

The Supreme Court has instructed that "[i]f a plaintiff files a [civil] claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . .

is ended." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007). "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck [v. Humphrey*, 512 U.S. 477 (1984)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id*. In *Heck*, the Supreme Court held that "[if] a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

For the court to consider Young's claim of an illegal traffic stop on the merits, he must first complete his underlying criminal case, including exhausting his appellate options in state court. *See Simpson*, 73 F.3d at 138 ("Even though the state trial has ended, however, [the plaintiff's] federal damage action raises constitutional issues that are potentially subject to adjudication in his appeal to the state supreme court. . .. *Younger* abstention is therefore appropriate while the case works its way through the state appellate process."); *see also Cannon*, 572 Fed. Appx. at 454 ("*Younger* continues to apply while state criminal cases go through the appellate process."). Accordingly, the court will stay and administratively close Young's case at this time. When he has fully litigated his criminal case through the state system, he may file a motion with this court, asking to reopen the case. When that has occurred—and if he still wishes to proceed with this lawsuit—he must file a motion to lift the stay. Depending on the outcome of the criminal case, the court will determine at that time whether his civil claims may proceed. *See Wallace*, 549 U.S. at 394. If he does not move to lift the stay within 30 days

3

of the final resolution of his criminal case, the stay will be converted to a dismissal without prejudice.

For these reasons, the court:

(1) **STAYS** any possible Fourth Amendment claims that occurred on July 27, 2025, pending the resolution of *State v. Young*, No. 09C01-2507-F3-000009 (Cass Cir. Ct. filed July 28, 2025);

(2) **ORDERS** the plaintiff to file a motion to lift the stay <u>within 30 days after his criminal case is fully litigated</u> through every level of the state system;

(3) **CAUTIONS** him that if he does not do so, the stay will be converted to a dismissal without prejudice; and

(4) **DIRECTS** the clerk to **STATISTICALLY CLOSE** this case.

SO ORDERED on January 5, 2026.

                                                  */s/Cristal C. Brisco*
                                                CRISTAL C. BRISCO, JUDGE
                                                UNITED STATES DISTRICT COURT